**In the Matter of a Motion to vacate the search made and to suppress evidence in the case of UNITED STATES of America**

**v.**

**Emanuel LESTER, Edward Lieberman, et al., pending in the United States District Court for the Western District of Pennsylvania.**

United States District Court
S. D. New York.
July 19, 1957.

Paul W. Williams, U. S. Atty., S. D. New York, New York City, D. Malcolm Anderson, U. S. Atty., W. D. Pennsylvania, Pittsburgh, Pa. (Jerome J. Londin, Asst. U. S. Atty., S. D. New York, New York City, Hubert I. Teitelbaum, First Asst. U. S. Atty., W. D. Pennsylvania, Pittsburgh, Pa., of counsel), for the United States.

Tompkins & Lauren, New York City (Bernard Tompkins, New York City, of counsel), for defendants.

PALMIERI, District Judge.

The defendants move, pursuant to Rule 41, Federal Rules of Criminal Procedure, 18 U.S.C., for the return of the property seized by the Federal Bureau of Investigation pursuant to a search warrant issued by this court and for the suppression of the use of that property as evidence at the trial of this case which is pending in the United States District Court for the Western District of Pennsylvania. The defendants were indicted in that district for conspiracy to transport stolen articles in interstate commerce.[1] The allegedly stolen articles consisted of geophysical and seismographic maps used for oil explorations which were the property of the Gulf Oil Corporation. The theft allegedly took place in Pittsburgh, Pennsylvania. The maps were subsequently transported to New York City and to other places. A substantial part of the property seized in this district, and to which the motion is addressed, consisted of these maps and of writings pertaining thereto. The search and seizure took place at the offices of the U. S. Tackless Corp., 181 Walnut Avenue, Bronx, New York, on December 18, 1956. The indictment was filed on December 27, 1956. The defendants, except for one who is still at large, were subsequently arraigned in Pittsburgh. I am advised that there has been considerable pre-trial activity before the Court in the Western District of Pennsylvania.

The two defendants who are the proponents of the motion make assertions of illegality with respect to the issuance of the warrant as well as the nature of the search and seizure. They have filed affidavits and have requested a formal hearing as aggrieved persons pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. The trial promises to be one of considerable complexity and duration. The United States Attorney for the Western District of Pennsylvania has appeared on this motion and has urged that because of the great mass of documents involved, as well as the numerous questions of relevance which have to be passed upon both at the hearing and at the trial, the disposition of this motion as well as the holding of any hearing pursuant thereto should be deferred to the trial court in the Western District of Pennsylvania. Full argument by counsel and an examination of the papers submitted upon this motion convince me that it would be a proper and wise exercise of discretion within the purview of Rule 41(e) to decline jurisdiction over this motion, leaving the defendants free to move for suppression before the trial court in Pennsylvania. This course will avoid a needless duplication of effort by two courts and provide a more expeditious resolution of the controversy besides avoiding the risk of determining prematurely and inadequately the admissibility of evidence at the trial. The trial court can more readily dispose of the problems involved since it will have at hand all of the appropriate information affecting the rights of all of the defendants now awaiting trial. A piecemeal adjudication such as that which would necessarily follow from a disposition of the motion here might conceivably result in prejudice either to the Government or the defendants, or both. Since the Government has obtained other property in other districts and which would be subject to similar motions in those districts, such a procedure could easily result in a proliferation of disparate judgments.

The movants have urged that as persons aggrieved they "may move the district court for the district in which the property was seized * * *;"[2] and that, consequently, they can invoke the jurisdiction of this court and obtain a

---

1. 18 U.S.C. § 371.

2. Rule 41(e) Federal Rules of Criminal Procedure.

decision here as a matter of right. I cannot agree. By making the motion in good time, the defendants have preserved whatever rights they may have, and are saved from an objection of untimeliness. However, I understand Rule 41(e) of the Federal Rules of Criminal Procedure to allow the court upon such a motion to defer any decision to the trial court, in this instance, the District Court for the Western District of Pennsylvania.[3] In my opinion, the rule permits the court to defer to the trial court notwithstanding the fact that the trial court may be a court of another district. This procedure is not only sanctioned but counselled by the Court of Appeals for this Circuit, in the recent case of United States v. Klapholz, 1956, 230 F.2d 494.

The proponents of this motion have raised the possibility of eventually obtaining suppression of the evidence without being assured of the return of any property to New York as the necessary incident of such suppression. The United States Attorney for the Western District of Pennsylvania has formally represented that in the event any property is ordered to be restored by the trial court, he will undertake to have it transported to New York unless such property is subject to lawful detention because of the rights of others. Since the maps are allegedly stolen property in which the property rights are exclusively asserted by the Gulf Oil Corporation, there does not appear to be any serious problem raised by this matter.

Accordingly, I decline jurisdiction over the motion and defer to the consideration of the District Court for the Western District of Pennsylvania at the trial or prior hearing, upon appropriate motion. The motion, therefore, is denied.

3. The last sentence of 41(e) Fed.Rules Cr.Proc. reads as follows: "The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."