**In the Matter of a Motion to Quash a Search Warrant and to Suppress Evidence in the Case of UNITED STATES of America**

v.

**Robert L. NELSON, Pending in the United States District Court for the Western District of Texas.**

**No. 9569.**

United States District Court
S. D. Texas,
Houston Division.

Aug. 30, 1967.

Wendell S. Loomis, Houston, Tex., for movant.

Fred Hartman, Asst. U. S. Atty., Houston, Tex., for Government.

SINGLETON, District Judge.

*Memorandum and Order*

Robert L. Nelson, through his attorney, Mr. Wendell Loomis, has filed in this court a motion to quash a search warrant and suppress evidence obtained under the warrant. The evidence obtained under the challenged warrant was procured in this district. However, it appears that the evidence is to be used by the Government against Robert L. Nelson in a criminal action currently pending in the Western District of Texas, Austin Division.

Rule 41(e) of the Federal Rules of Criminal Procedure provides that a party aggrieved by an unlawful search and seizure may challenge the search and seizure by a motion to suppress filed either in the district where the property was obtained or in the district in which the trial is to be held and at which the property allegedly will be offered as evidence. This does not mean that the moving party is as a matter of right entitled to have a hearing on the motion in the district where the property was seized. Whether the party is entitled to a hearing on the motion is a matter within the discretion of the trial judge. On the basis of the facts alleged in the motion, it is my opinion that the motion should be heard in the district court in which the trial is to be held. In In re United States v. Lester, 21 F.R.D. 30 (S.D.N.Y.1957), the court stated:

"The movants have urged that as persons aggrieved they 'may move the district court for the district in which the property was seized * * *;' and that, consequently, they can invoke the jurisdiction of this court and obtain a decision here as a matter of right. I cannot agree. * * * I understand Rule 41(e) of the Federal Rules of Criminal Procedure to allow the court upon such a motion to defer any de-

**384**

cision to the trial court, in this instance, the District Court for the Western District of Pennsylvania. *In my opinion, the rule permits the court to defer to the trial court notwithstanding the fact that the trial court may be a court of another district.* This procedure is not only sanctioned but counselled by the Court of Appeals for this Circuit, in the recent case of United States v. Klapholz, 1956, 230 F.2d 494." (Emphasis Added.)

Therefore, It is ordered, adjudged, and decreed that the motion be dismissed.

This is a final judgment.