**William FREEDMAN, Plaintiff-Appellant,**

v.

**UNITED STATES of America et al., Defendant-Appellees.**

**No. 24458.**

United States Court of Appeals, Ninth Circuit.

Feb. 2, 1970.

---

Burton Marks (argued), of Marks, Sherman & London, Los Angeles, Cal., for plaintiff-appellant.

Carolyn M. Reynolds (argued), Frederick M. Brosio, Jr., Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before BARNES and HUFSTEDLER, Circuit Judges, and PENCE *, District Judge.

PER CURIAM.

Early in December 1968, the Grand Jury of the United States District Court for the Southern District of California secretly indicted Freedman at the same time it also separately indicted many named and unnamed persons with conspiracy to violate 21 U.S.C. §§ 173, 174. On December 17, 1968, as part of a mass roundup of those indictees, agents of the Los Angeles County Sheriff's office and the United States District Director of Customs, acting under an arrest warrant issued out of the Southern District Court, at about 6:30 A.M., arrested Freedman at his home in Los Angeles. His house was then searched and the arresting officers seized $13,000 in cash along with note papers and books, all belonging to Freedman.

On April 16, 1969, Freedman filed a civil action in the Central District of California against the United States (as well as the Commissioner of Customs, the Sheriff of Los Angeles County, the County of Los Angeles, and the State of California) for the return of the money, note papers and books, under the authority of "Rule 41 of the Federal Rules of Criminal Procedure."

On April 22, 1969, Freedman also filed in the same district a "Motion to Quash Search Warrant (If Any), To Suppress and Return Items Seized", purportedly under "Rule 41", F.R.Crim.P. This motion was given the same civil number as the prior complaint (Civil No. 69–715–EC). The motion concerned the same

* Honorable Martin Pence, United States District Judge, District of Hawaii, *sitting by designation.*

$13,000, address books and note papers set forth in that complaint.

Thereafter, on April 30, all defendants filed motions to dismiss all the proceedings under Civil No. 69–715–EC, without prejudice to Freedman's renewing the same in the Southern District.

Freedman's complaint and all motions were briefed by all parties, and without any evidence being adduced—so far as the record discloses—on May 6, 1969, the trial court heard argument, and on May 8, relying on United States v. Lester, 21 F.R.D. 30 (D.C.S.D.N.Y.) 1967 and United States v. Spinar, No. 21114–Misc. (C.D.Cal.1969), in the purported exercise of its discretion, deferred the ruling upon Freedman's motion to the District Court for the Southern District of California, where the indictment against Freedman was then pending. It also ordered the complaint "dismissed without prejudice to plaintiff renewing his motion in the United States District Court for the Southern District of California." This appeal followed.

Presumably, this court has jurisdiction to hear this appeal because Freedman's "complaint" would appear to be solely for the return of property—property which, per se, has no perceivable relation to the indictment under which Freedman was arrested. *Cf.* DiBella v. United States, 369 U.S. 121, 131–133, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

Although Freedman's stated "issues on appeal" were four in number, only three of which had any possible application to Freedman's complaint and motion filed in the Central District, the only real issue, as this court sees it, is whether or not there was an abuse of discretion on the part of the District Court in the Central District of California in deferring action on Freedman's complaint and motion.

 We say this because on a Rule 41(e) motion, unquestionably, it is within the discretion of a judge to defer such a motion for subsequent action thereon by the court in the district where the trial is to be had, but a basis must appear in the record supporting such exercise of the first court's discretionary power.

 Unfortunately for all parties however, there is nothing in the record before this court either in the pleadings or the affidavits—there is no record of any testimony being taken at all—from which this court can determine if there was anything before the Central District Court to show any connection whatsoever between the seized $13,000, note books and documents, and the crime of conspiracy to smuggle, sell and conceal narcotic drugs in violation of U.S.C. § 174 as charged in the indictment filed in the Southern District of California.

This court, therefore, is unable to reach any conclusion on either the question of its jurisdiction to hear this appeal or upon the basic issue of abuse or nonabuse of discretion on the part of the Central District Court.

This case is remanded for further procedure in conformance with this opinion, with the suggestion that unless the record in fact already fills the present void, the order of dismissal be set aside and the necessary evidentiary hearings be held.