UNITED STATES of America,

v.

**1617 FOURTH AVENUE, S. W., ROCHESTER, MINNESOTA.**

UNITED STATES of America,

v.

**1724 HIAWATHA COURT, N. E., ROCHESTER, MINNESOTA.**

Nos. 1–76–Mag–1, 1–76–Mag–2.

United States District Court, D. Minnesota, First Division.

Jan. 28, 1976.

James Malcolm Williams, Minneapolis, Minn., for movants Don Hanson and Donna W. Schuster.

Robert G. Renner, U. S. Atty., and Daniel M. Scott, Asst. U. S. Atty., for respondent U. S.

DEVITT, Chief Judge.

This matter is before the court on a motion under Federal Rule of Criminal Procedure 41(e) for the return of property seized in connection with two federal search warrants executed on December 23, 1975. The property which was seized consists in part of tablets and vials of what is believed to be amygdalin, also known as laetrile. On January 9, 1976, subsequent to the filing of this motion, movants Hanson and Schuster were indicted by the Grand Jury for the Southern District of California on charges of smuggling certain merchandise, namely vials and tablets of "amygdalin" or "laetrile," in violation of 18 U.S.C. §§ 371 and 545. For the reasons that follow, we feel it is most appropriate to deny this motion without prejudice to the movants' right to reassert their arguments in the pending criminal action in the Southern District of California.

Federal Rule of Criminal Procedure 41(e) enables a person aggrieved by an unlawful search and seizure to have the seized property returned to him, and if a motion under the rule is granted, the property cannot be admissible in evidence at any hearing or trial. The last sentence of the Rule 41(c) provides that when such a motion is made in the district of trial after an indictment is filed, "it shall be treated also as a motion to suppress under Rule 12." Fed.R.Crim.P. 41(e). Obviously, a Rule 41(e) motion is closely related to a motion to suppress.

There is a strong federal policy of discouraging motions to suppress in the district in which the property was seized when such motions can be made in the *trial* court. *See* Advisory Comm.Note (Comm. on Rules of Practice and Procedure of the Judicial Conference of the United States) 56 F.R.D. 143, 170 (1972). Also, we find persuasive authority for declining jurisdiction of motions such as this in instances where there is a related criminal action pending in another district. *See United States v. Lester,* 21 F.R.D. 30 (S.D.N.Y.1957); *United States v. Nelson,* 274 F.Supp. 383 (S.D.Tex. 1967); *see also Freedman v. United States,* 421 F.2d 1293 (9th Cir. 1970), *cert. denied* 404 U.S. 992, 92 S.Ct. 538, 30 L.Ed.2d 544 (1971).

The reasons for adopting such a course are readily apparent. Letting the trial court decide the matter will avoid any needless duplication of effort by two courts and will provide an expeditious resolution of the controversy besides avoiding the risk of determining prematurely and inadequately the admissibility of evidence at trial. *See United States v. Lester, supra.* By declining jurisdiction in an instance such as this, we avoid invasion of the trial court's normal province to pass on the admissibility of evidence, and, at the same time, we do not jeopardize whatever rights a defendant may have for exclusion of evidence. *See United States v. Koenig,* 290 F.2d 166, 173 (5th Cir. 1961).

"A piecemeal adjudication such as that which would necessarily follow from a disposition of the motion here might conceivably result in prejudice either to the Government or the defendants, or both." *United States v. Lester,*

*supra,* at 31. Jurisdiction under Rule 41(e) must be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials. *Fifth Avenue Peace Parade Comm. v. Hoover,* 327 F.Supp. 238, 242 (S.D.N.Y.1971). It is "unquestionably" within the court's discretion to defer such a motion for subsequent action by the court in the district where the trial is to be had. *Freedman v. United States,* 421 F.2d 1293, 1295 (9th Cir. 1970), *cert. denied* 404 U.S. 992, 92 S.Ct. 538, 30 L.Ed.2d 544 (1971).

It does not appear that irreparable injury will result from our declining jurisdiction of this motion. The moving parties are commercial sellers of laetrile and other products, but are not users. When emphasizing the harmlessness of laetrile, counsel for movants stated at oral argument that the same substance is readily available at health food stores, and he presented the court with a full 1,000 tablet bottle allegedly containing laetrile and obtained at a health food store. It appears, therefore, that alternative sources of laetrile are available.

Most importantly, movants have an adequate remedy before the trial court in the Southern District of California. In this case there is an obvious connection between the materials seized and the crime charged in the indictment filed in California. *See Freedman v. United States, supra,* 421 F.2d at 1295. Since the movants herein must proceed to the Southern District of California to respond to the indictment, distance would not appear to be a critical factor. The parties are not deprived of a speedy adjudication since they can, at any time, bring their suppression motion in the district where the prosecution is pending.

Accordingly, this court declines jurisdiction over the motion and defers to the consideration of the District Court for the Southern District of California at trial or prior hearing upon appropriate motion. The motion, therefore, is denied.