In the Matter of the Application of David T. HERR for an Order Directing the Return to Him of Certain Items Pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.

M9–150.

United States District Court,
S. D. New York.

Aug. 3, 1979.

Patrick M. Wall, New York City, for movant.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, by Bruce L. Owens, Asst. U. S. Atty., New York City, for the United States of America.

## OPINION

MacMAHON, District Judge.

The movant, the defendant in a criminal case pending in the United States District Court for the Central District of California, seeks an order pursuant to Fed.R.Crim.P. 41(e) requiring the return of certain items seized by FBI agents during the investigation that led to his indictment.

In June 1979, the movant was an officer of Bowne Information Systems, Inc. [Bowne], a corporation providing various computerized services to subscribers. Bowne's headquarters are located in this District. On June 11, 1979, FBI agents investigating Bowne on possible wire fraud charges obtained a search warrant, searched the Bowne headquarters and seized the items at issue here. On July 5, a Grand Jury sitting in the Central District of California filed an indictment charging movant with ten counts of wire fraud in violation of 18 U.S.C. § 1343 (1976). On July 23, movant was arraigned and pleaded not guilty. Pretrial motions are due August 13, and trial is scheduled to commence August 28. The government intends to introduce some or all of the seized items into evidence at trial.

On July 31, movant made the instant motion. He seeks return of the items under Rule 41(e) on the ground that the search and seizure were unlawful. The government, rather than contest the claim of unlawfulness, urges that we should exercise our discretion to decline jurisdiction and refer the issue of lawfulness back to the trial court in the Central District of California. Our reading of the relevant rules and cases, as well as our consideration of the circumstances of this case, persuades us to adopt the government's view.

Rule 41(e) provides:

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be

restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12."

Though the rule entitles the defendant in a criminal case pending in one District to seek return in another District where the property was seized, the rule does not give him an absolute right to have his application decided in the seizure District. Indeed, the law in this District is to the contrary.

In *United States v. Lester*, 21 F.R.D. 30 (S.D.N.Y.1957), Judge Palmieri decided a Rule 41(e) motion where the movants were facing trial under an indictment in the District Court for the Western District of Pennsylvania. Judge Palmieri held that under Rule 41(e) the court could, in its discretion, decline jurisdiction, leaving the movant free to obtain an adjudication of the lawfulness of the seizure through a Rule 12 motion to suppress in the trial court. This holding has been consistently followed by other District Courts, *see, e. g., United States v. 1617 Fourth Ave., S. W.,* 406 F.Supp. 527 (D.Minn.1976), as well as by Courts of Appeals, *see Freedman v. United States*, 421 F.2d 1293 (9th Cir. 1970), *cert. denied,* 404 U.S. 992, 92 S.Ct. 538, 30 L.Ed.2d 544 (1971), and it has been endorsed by the United States Supreme Court, *see DiBella v. United States*, 369 U.S. 121, 132–33, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). Absent a showing that the *Lester* rule is inapplicable here, we must apply it in this case.

The reasons advanced by Judge Palmieri in support of the *Lester* decision are equally applicable here. First, as in that case, deferral will avoid the possibility of duplication of effort by the two courts and thus serve the interest of judicial economy. *See United States v. Lester, supra,* 21 F.R.D. at 31. If this court were to deny the claim of unlawfulness, for example, the trial court could still hold the evidence inadmissible on other grounds, thus resulting in two adjudi-

cations of admissibility instead of one. Second, deferral will avoid the possibility that this court, less familiar with the entire case than the court where trial is to be had, will make a ruling that is ill-considered or premature and thus possibly prejudicial to one side or the other. *See id.*

Amendments to the rule subsequent to the *Lester* decision also support our decision today. Prior to 1972, Rule 41(e) allowed a defendant to bring a suppression motion, similar to the return motion here, in either the seizure court or the trial court. The 1972 amendments, by rewriting Rules 41(e) and 41(f), made clear that a suppression motion was to be brought only in the trial court, not the seizure court. As the Advisory Committee Notes to those amendments make clear, the purpose of the change was to further the objective of judicial economy embodied in Rule 12 by having all pretrial motions disposed of in a single appearance before the trial court. *See* Amendments to Federal Rules of Criminal Procedure, 56 F.R.D. 143, 170–71 (1972). That objective is clearly served by our decision here.

Admittedly, the amendments still leave open the opportunity to bring a return motion in the seizure court. Such a motion, unlike a suppression motion, may be made by any "aggrieved person," *see* Rule 41(e), not just the defendant. When the movant is not the defendant, it makes sense to allow the seizure court to hear the motion since this will avoid the inconvenience of relegating the movant to a forum that may be far away from the place of seizure and may have no connection to the movant other than being the repository of evidence taken from him but sought to be used against another. When, as here, the movant is also the defendant in the other forum, however, the argument favoring adjudication by the seizure court loses its strength. If the seizure court relegates him to the trial court, the inconvenience will be marginal at most since he would have to travel there in any event to stand trial or make other pretrial motions, such as are

scheduled in this case for August 13. Moreover, when the movant is a defendant, his main goal is likely not simply the return of the seized property, but rather its suppression at trial. His motion is thus the functional equivalent of a motion to suppress. Viewed this way, it should be subject to the policy embodied in the 1972 amendments, namely, to consolidation before a single court of all pretrial motions made by the defendant.

Against these authorities and policy considerations the movant raises two arguments. First, he argues that the convenience of the parties and witnesses would best be served by holding the hearing here instead of California. He purports to distinguish the *Lester* case by noting that the trial court there, located in the Western District of Pennsylvania, was less distant from the seizure court than in this case. Movant represented at oral argument that all nine potential witnesses in the hearing are located near New York City. This distinction based on convenience, though not without force, is unpersuasive. First, movant has not established to our satisfaction that the inconvenience attending deferral to the trial court would be such as to require our keeping the case. The government, for its part, represented at oral argument that it is willing to bear the burden of transporting its four witnesses, all FBI agents, to California for a hearing. These four, as well as the defendant, would be needed there at trial in any event. More importantly, no court in a Rule 41(e) case has suggested that the convenience of the witnesses, even if established, should wholly override considerations of judicial administration such as those present here. Courts in other jurisdictions have routinely ordered referrals from the seizure court to a distant trial court. *See Hanson v. United States,* 417 F.Supp. 30 (D.Minn.1976) (from Minnesota to California); *United States v. 1617 Fourth Ave., S. W., supra* (same).

Movant's second argument is that our deciding the case would actually promote rather than frustrate the considerations of judicial economy underlying *Lester* and its progeny. If we rule favorably, he argues, the government will drop its case for lack of evidence, thus avoiding the need for any rulings by the trial court. This argument ignores the possibility of an unfavorable ruling by this court which would raise the very dangers of duplication and prejudice sought to be avoided by the *Lester* decision. Moreover, it requires us to engage in unnecessary speculation as to what we would do if we retained jurisdiction, thus improperly reversing the sequence in which the issues should be decided.

Finally, the court notes that movant has applied to the trial court for a change of venue to the District Court for the Southern District of New York. If that motion is granted, the case will come back here where all motions can be decided by one court. If that motion is denied, the possibility of duplication persists unless we defer decision of admissibility to the trial court.

In light of all of these considerations, we decline to exercise jurisdiction over the motion for return of property and defer the question of admissibility to the District Court for the Central District of California at the pretrial motion hearing scheduled for August 13, upon appropriate motion.

Accordingly, movant's motion pursuant to Fed.R.Crim.P. 41(e) is denied.

So ordered.