**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-41150
Cons/w 99-41179 and
99-41308

In Re: Grand Jury Subpoena

Appeals from the United States District Court
For the Southern District of Texas, Corpus Christi

July 25, 2000

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Three consolidated appeals attack orders from the district court regarding subpoenas issued by a federal grand jury charged with investigating possible criminal violations of the Clean Air Act. We dismiss in part and affirm in part.

**I. FACTS AND PROCEDURAL HISTORY**

On June 10, 1996, a federal grand jury issued, under seal, a

subpoena to the Corporation.[1]  In responding to the subpoena, the Corporation inadvertently disclosed a legal memorandum prepared by its in-house counsel.  The Corporation and its in-house counsel sought the return of the memorandum but the Government refused.  On July 2, 1998, the district court denied a motion for return of the memorandum.  Based on the content of the memorandum, the Government moved for production of documents prepared during the course of a corporate environmental compliance investigation.  On February 28, 1999, after reviewing the documents *in camera*, the district court issued an order finding that the documents were protected by the attorney-client privilege and assuming they were protected attorney work product, but holding that the crime-fraud exception applied. The order stated that the district court would turn over the 214 documents in its possession directly to the Government.  The Corporation and in-house counsel appealed these orders.  *See In re Grand Jury Subpoena*, 190 F.3d 375 (5th Cir. 1999), *cert. denied* 120 S. Ct. 1573 (2000).  On September 20, 1999, a panel of this court dismissed the consolidated appeals for lack of jurisdiction and issued a writ of mandamus directing the district court to order the Corporation to turn over to the Government the 214 documents,

---

[1]The sealed grand jury proceedings target, *inter alia*, related corporations which are parties only to cause number 99-41308.  We refer to them collectively throughout this opinion as "the Corporation."  These are the same parties referred to as "Corporate Appellants" in our previous opinion related to the same grand jury proceedings, *In re Grand Jury Subpoena*, 190 F.3d 375 (5th Cir. 1999).

allowing the Corporation to refuse and obtain an appealable order of contempt. *See id*. at 389.

On September 24, 1999, the district court directed the Corporation to produce the 214 documents, it refused and the district court held it in contempt on October 13, 1999. The contempt order imposed a fine of $200,000 per day, beginning the next day. Both the district court and this court declined to issue a stay of the fine pending appeal. On October 14, 1999, the Corporation purged itself of contempt by producing the documents. The in-house counsel moved for an order returning the documents to him, so that he could individually refuse the turn-over order and obtain an appealable contempt order. In-house counsel appeals the denial of his motion for return of the documents in cause number 99-41179. In-house counsel also appeals the district court's September 24, 1999 and October 13, 1999 orders in consolidated cause number 99-41150.

After the Corporation produced the documents, the grand jury issued subpoenas *ad testificandum* to two employees of a consulting firm that the Corporation had retained to assist in the environmental compliance investigation. The subpoenas require them to testify concerning their communications with in-house counsel during the investigation. The Corporation and in-house counsel moved to quash the subpoenas. On November 18, 1999, the district court denied the motion to quash, reiterating the crime-fraud

3

analysis of its February 18 and September 24 orders. Cause number 99-41308, consolidated with the in-house counsel's appeals described above, attacks the district court's November 18, 1999 order declining to quash the subpoenas directed at the consultants.

## II. ANALYSIS

### A. In-house Counsel's Standing to Appeal

As a threshold matter, we must determine whether we have jurisdiction over in-house counsel's appeals, that is, whether in-house counsel has a legally protectable interest in the confidentiality of the documents that is independent of the Corporation's interest. *See Texans United for a Safe Economy Educ. Fund v. Crown Central Petroleum Corp.*, 207 F. 3d 789, 792 (5th Cir. 2000)("As a threshold matter of jurisdiction, however, we must determine . . . standing.")

The attorney-client privilege is held by the client and not the attorney, and provides no solace to the in-house attorney in this case. *See In re Grand Jury Proceedings*, 43 F.3d 966, 972 (5th Cir. 1994). However, this circuit has held that an innocent attorney may invoke the work product privilege even if a prima facie case of fraud or criminal activity has been made as to the client. *See id.* The attorneys in our 1994 *In re Grand Jury Proceedings* case were in private practice and had been retained by the target-client to obtain the release of property which had been seized by the Government in connection with a civil forfeiture

4

action.  *See id.* at 967.  Neither that case nor any other Fifth Circuit jurisprudence informs the question whether the rule extends to an in-house attorney who seeks to invoke the work product privilege in order to oppose a grand jury subpoena that his employer saw fit to waive.

In the context of a federal grand jury, the work product privilege is a common law privilege, although a version of the work product privilege is found in the Federal Rules of Civil Procedure, which may be consulted for guidance as to the scope of the common law privilege.  *See* Fed. R. Civ. P. 26(b)(3)*; see also In re Sealed Case*, 676 F.2d 793, 808 (D.C. Cir. 1982).  The purpose of the work product privilege is to further "the interests of clients and the cause of justice" by shielding the lawyer's mental processes from his adversary.  *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947)(examining the function of discovery and the role of the trial judge in supervising discovery in civil litigation).

No one argues that the Corporation's interests in this case are served by the in-house counsel's assertion of work product privilege.  Nevertheless, because the work product privilege looks to the vitality of the adversary system rather than simply seeking to preserve confidentiality, it is not automatically waived by the disclosure to a third party.  *See United States v. AT&T Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980).  For example, in *In re Sealed Case,* 676 F.2d 793 (D.C. Cir. 1982), the District of Columbia

Circuit found that documents prepared by an in-house counsel were protected by the work product privilege, noting that the evidence established that the documents were not meant for any eyes but their author's and that the attorney never intended the documents to fall into the hands of his corporate superiors. *See id*. at 811. No such evidence appears in the record before us and we are aware of no alternative basis for holding that the cause of justice would be furthered if in-house counsel could prevent the grand jury from examining the Corporation's documents that it saw fit to turn over in the present case. We therefore conclude that in-house counsel has no work product privilege in the disputed documents and decline to extend our 1984 *In re Grand Jury* holding to in-house counsel in this case. *See id.*("[C]ourts should not frustrate the efforts of a grand jury unless the purpose as well as the letter of the privilege requires it.") Because in-house counsel has no standing to assert a work product privilege, we lack jurisdiction over his appeal of the order to produce documents and the order holding the Corporation in contempt (Cause number 99-41150) as well as the appeal of the denial of his motion to return the documents so he could refuse to produce them (Cause number 99-41179).

**B.  Order denying motion to quash subpoenas**

**1. Jurisdiction**

The substance of the remaining appeal (Cause number 99-41308) is a challenge to the district court's November 18, 1999 order

denying the motion to quash the subpoenas directed at two employees of an outside consulting firm and applying the crime-fraud exception to the Corporation's and in-house counsel's asserted privileges. This court ruled, in the previous appeal of this case, that we had no jurisdiction to hear an interlocutory challenge to the crime-fraud determination. *See In Re Grand Jury*, 190 F.3d at 385. We must now examine whether the proceedings after remand changed that answer.

The court's jurisdiction is generally limited to "final decisions" of the district court. 28 U.S.C. § 1291. One exception to the finality requirement is the *Cobbledick* doctrine. In *Cobbledick v. United States*, 309 U.S. 323 (1940), the appellant was subpoenaed to appear and produce documents before a grand jury. He moved to quash the subpoena, but the motion was denied. The Supreme Court held that the order lacked the finality requisite for an appeal and the appellant could secure a right of immediate appeal only by defying the order, being held in contempt and appealing the contempt order. Notwithstanding the "only" language, courts have allowed limited end runs on the *Cobbledick* contempt requirement. A party opposing a discovery order need not stand in contempt where the documents at issue are in the hands of a third party who has no independent interest in preserving their confidentiality. *See Perlman v. United States*, 247 U.S. 7 (1918)(referred to as the "*Perlman* doctrine"). In the Fifth

7

Circuit, the *Perlman* doctrine was refined by *In re Grand Jury Proceedings in Matter of Fine*, 641 F.2d 199 (5th Cir. 1981). In *Fine*, we allowed a client to intervene in a proceeding and appeal an order compelling his attorney to testify before a grand jury. *See id.* at 203. We noted that the *Perlman* doctrine turned on whether the subpoenaed party could be expected to risk a contempt citation in order to protect the interests of a third party. *See id.* at 202. Nonetheless, "[w]e are reluctant to pin the appealability of a district court order upon such precarious considerations" as the willingness (or lack thereof) of a *particular* attorney to risk contempt to protect his client. *See id.* Rather, we based a finding of *Perlman* doctrine jurisdiction on the fact that some significant number of client-intervenors might find themselves denied all meaningful appeal by attorneys unwilling to make such a sacrifice. *See id*. at 203. We acknowledged in *Fine* that "the price of protecting the right of appeal of client-intervenors is an occasional frivolous appeal for the sake of delay," but indicated that such a price was not so burdensome that we would forego protecting third parties' access to meaningful appeal. *See id.*

We must now decide whether *Fine* and *Perlman* apply to vest this court with jurisdiction over the dispute concerning the subpoenas *ad testificandum*. Focusing on *Fine*'s teaching that the willingness of the party under subpoena to risk contempt in order to vindicate

8

the rights of the third party must be considered, we conclude that we have jurisdiction over this appeal. Certainly, the employees of an outside consulting firm do not have the same interest in the confidentiality of the subject communications that the Corporation has.

## 2. Crime-fraud exception

Appellants contend that the district court erred in applying the crime-fraud exception to the attorney-client and work product privileges asserted in their motion to quash the subpoenas. Appellants' asserted privileges can be overcome by the crime-fraud exception where communication or work product is intended "to further continuing or future criminal or fraudulent activity." *See United States v. Dyer*, 722 F.2d 174, 177 (5th Cir. 1983). The proponent has the burden of establishing a prima facie case that the attorney-client relationship was intended to further criminal or fraudulent activity. *See id*. at 177. The Government contends that the documents in question reveal that the Corporation used its counsel to help it conceal from state and federal regulators the extent of its noncompliance with the environmental regulations. While the targets of this investigation may have valid defenses that preclude indictment or conviction for fraud or criminal environmental violations, the existence of a potential defense does not mean that the district court reversibly erred. It appears from the record that the district court did not abuse its discretion in

9

finding that the evidence established a prima facie case of crime or fraud. Specifically, appellants' argument that they complied with one potentially valid interpretation of the regulations does not speak to whether the Government made out a prima facie case of fraud. We conclude that the Government, under the special, particular facts reflected by its evidence here, has made out a prima facie case of crime or fraud based on one non-frivolous, although potentially incorrect, reading of some untested regulations. Therefore, we find no error in the district court's denial of Appellants' motion to quash subpoenas.

### III. CONCLUSION

We dismiss Cause numbers 99-41150 and 99-41179 for lack of jurisdiction. We affirm the district court's order denying Appellants' motion to quash subpoenas in Cause number 99-41308.

DISMISSED in part, AFFIRMED in part.