REVISED 12/28/2022

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2022

Lyle W. Cayce
Clerk

No. 21-30705

In re: Grand Jury Subpoena

Appeal from the United States District Court
for the Eastern District of Louisiana
Grand Jury No. 06-21-26

Before Higginbotham, Southwick, and Higginson, *Circuit Judges*.

Leslie H. Southwick, *Circuit Judge*:

An individual and an advocacy group seek to appeal from the denial of a motion to quash two grand jury subpoenas and an order compelling compliance with one of them. There is no jurisdiction for appeals challenging a grand jury subpoena for production of documents unless (1) the appellant has been held in contempt, or (2) a client-intervenor asserts that documents in the possession of a subpoenaed, disinterested third party are protected by attorney-client privilege. Neither exception applies here. We DISMISS.

## FACTUAL AND PROCEDURAL BACKGROUND

The Department of Justice conducted an investigation of Dr. Shiva Akula for healthcare fraud in connection with his ownership of Canon Hospice. On August 5, 2021, a grand jury for the Eastern District of Louisiana indicted Dr. Akula on 23 counts of healthcare fraud. Putative appellants here are Physicians Against Abuse ("PAA"), an advocacy group

that aids doctors in healthcare fraud investigations, and Christina Paylan Black, Executive Director of PAA.

At some point, Dr. Akula retained PAA to advise him on the investigation. PAA's services include (1) assisting defense counsel in comprehending Medicare billing and coding, medical terminology, and practices and norms in the medical profession, (2) public relations, and (3) identifying qualified expert witnesses to explain Medicare billing and other healthcare-related issues. Prior to Dr. Akula's indictment, in July 2021, Black, in her capacity as PAA's Executive Director, sent a letter to the Assistant United States Attorney ("AUSA") handling Dr. Akula and Canon Hospice's investigation and asked to discuss the investigation.

After Dr. Akula's indictment in August 2021, the government issued a press release summarizing the charges against him. PAA then issued its own press release. It included a statement that the AUSA had "relied on a disgruntled former employee of Dr. Akula . . . to make false accusations against Dr. Akula." PAA's press release alleged the employee had an "employment rap sheet . . . a mile long with threats and extortion." It also alleged she reported Dr. Akula because she was upset she did not receive a raise after requesting one. Additionally, PAA's press release claimed the AUSA was "inexperienced" and did a poor job investigating Dr. Akula and Canon Hospice.

On August 20, 2021, the government served both PAA and Black with grand jury subpoenas. The AUSA contended the subpoenas were issued because of concern that PAA and Black engaged in witness tampering and/or obstruction of justice by issuing their press release. The subpoena issued to Black sought production of the following:

> 1. All records reviewed related to Canon Hospice, as referenced in correspondence dated July 29, 2021, page two,

paragraph one: "We have reviewed substantial information regarding employees, provider services, contractual agreements as well as the organizational structure for billing services at Canon Hospice;"

2. The "employment rap sheet for [the person]," as referenced in the attached press release issued by Physicians Against Legal Abuse;

3. A list of all individuals and entities who received the attached press release from Physicians Against Legal Abuse, in the matter of Shiva Akula; and

4. Identify when, and individuals to whom, you represented yourself as an attorney.

The subpoena issued to PAA sought production of the same first three categories listed in Black's subpoena. It also demanded: "Any and all billing records from Canon Hospice or Shiva Akula to Physicians Against Abuse or anyone associated with Physicians Against Abuse."

After Black and PAA failed to comply with the subpoenas, the government moved to compel Black's compliance. The district court entered a show cause order against Black. Black and PAA then filed a motion to disqualify the AUSA, contending she was using the grand jury to censor speech. They also moved to quash the subpoenas, alleging the information sought was protected by the First Amendment and attorney-client privilege. Regarding the claim of attorney-client privilege, PAA and Black argued PAA was hired to assist Dr. Akula to prepare his defense and to explain medical processes. Accordingly, their communications with him were privileged under the reasoning of another circuit court that the attorney-client privilege may bar disclosures made by a client to nonlawyers employed as agents of the attorney. *See United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961).

The district court heard oral argument, reviewed *in camera* Dr. Akula's retainer agreement with PAA, and met *ex parte* with the AUSA to inquire about the purpose of the grand jury investigation, considering Dr. Akula had already been indicted. Regarding the latter, the AUSA assured the court the subpoenas were issued for the witness-tampering investigation, not to investigate Dr. Akula. Ultimately, the district court granted the government's motion to compel Black's compliance and denied Black and PAA's motions to quash and to disqualify the AUSA. The court held attorney-client privilege did not apply under *Kovel* and the subpoenas did not violate the First Amendment. Accordingly, PAA and Black were ordered to comply with the subpoenas.

Instead of responding to the subpoenas, PAA and Black filed a motion for clarification. Allegedly, they had identified hundreds of documents protected by attorney-client privilege because the documents consisted of communications between Dr. Akula and his counsel. PAA and Black argued the court should permit Dr. Akula to intervene to assert his privilege, and they asked the court to stay their court-ordered document production until Dr. Akula could intervene. The court ordered the parties to produce the allegedly privileged documents for *in camera* review and the non-privileged documents to the government. Before the court ruled on the clarification motion and without complying with the subpoena, PAA and Black filed a notice of appeal from the court's denial of their motion to quash the two subpoenas and the order compelling Black's compliance. The court denied a motion to stay pending appeal and a motion for clarification. Further, Dr. Akula was denied intervention.

## DISCUSSION

PAA and Black argue (1) this court has jurisdiction to review the denial of their motion to quash two grand jury subpoenas and the order compelling

Black's compliance; (2) the subpoenas violate the First Amendment; and (3) their communications with Dr. Akula are entitled to attorney-client privilege under *Kovel*.

We begin by analyzing jurisdiction *de novo*. *In re Grand Jury Proceedings*, 115 F.3d 1240, 1243 (5th Cir. 1997). Our jurisdiction is generally limited to reviewing final decisions of a district court. 28 U.S.C. § 1291; *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 170–71 (5th Cir. 2009). This rule applies to appeals of orders issued in grand jury proceedings. *In re Grand Jury Subpoena*, 190 F.3d 375, 380 (5th Cir. 1999). There are two exceptions. First, if a witness chooses not to comply with a grand jury subpoena compelling production of documents and is held in contempt, that witness may immediately appeal the court's interlocutory order. *Cobbledick v. United States*, 309 U.S. 323, 327–28 (1940). Second, under what is called the *Perlman* doctrine, a party need not be held in contempt prior to filing an interlocutory appeal if "the documents at issue are in the hands of a third party who has *no independent interest* in preserving their confidentiality." *In re Grand Jury Subpoena*, 220 F.3d 406, 409 (5th Cir. 2000) (citing *Perlman v. United States*, 247 U.S. 7, 38 (1918)) (emphasis added).

Pursuant to the *Perlman* doctrine, "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n.11 (1992). Importantly, "the subpoenaed third party's lack of interest in protecting the confidentiality of the subpoenaed documents is the touchstone of the *Perlman* inquiry." *In re Grand Jury Subpoena*, 190 F.3d at 383. We have held that "a client-intervenor may appeal an order compelling testimony from the client's attorney" because, "[a]lthough we cannot say that attorneys in general are more or less likely to submit to a contempt citation rather than violate a client's confidence, . . .

some significant number of client-intervenors might find themselves denied all meaningful appeal by attorneys unwilling to make such a sacrifice." *In re Grand Jury Proceedings in Matter of Fine*, 641 F.2d 199, 203 (5th Cir. 1981). In sum, the *Perlman* doctrine applies "when the subpoenaed party is one who has no direct and personal interest in the suppression of the information desired by the grand jury." *Id.* at 201.

Turning to this purported appeal, neither Black nor PAA has been held in contempt for failure to comply with a subpoena. Therefore, no right to appeal arises from a contempt order. *See Cobbledick*, 309 U.S. at 328.

As to the *Perlman* doctrine, the subpoenaed documents are in the hands of PAA and Black. They are *interested* third parties in that they are being investigated for witness tampering. They have a direct and personal interest in suppressing the documents that could potentially corroborate the witness tampering accusation. *See Fine*, 641 F.2d at 201–02. Consequently, PAA and Black obviously have "a sufficient stake in the proceeding to risk contempt by refusing compliance." *See Church of Scientology of Cal.*, 506 U.S. at 18 n.11. We lack jurisdiction over the appeal, and PAA and Black must either comply with the subpoena or be held in contempt to seek this court's review. APPEAL DISMISSED.