**Ex parte DECIOUS, et al.**

**In re "SEARCH WARRANTS".**

85 C 1654.

United States District Court,
E.D. New York.

June 7, 1985.

Daniel P. Foster, P.C. (Kit Conelly Decious, of counsel), New York City, for movants.

Raymond J. Dearie, U.S. Atty. (John Gallagher, Asst. U.S. Atty., of counsel), Brooklyn, N.Y., for the government.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Movants seek an order quashing the warrants executed upon them on or about February 17, 1984 within the Eastern District of New York and directing the return of all property seized thereunder pursuant to to Rule 41(e) of the Federal Rules of Criminal Procedure. The government represents that it intends to return voluntarily all the property seized from this district and that the motion is moot.

Rule 41(e) provides that a "person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized." If the court grants the motion to restore the property, "it shall not be admissible in evidence at any hearing or trial." *Id.* Rule 41(f) provides that a "motion to suppress evidence may be made in the court of the district of trial as provided in Rule 12."

■ Rule 41(e) clearly permits the court to entertain this motion for the return of property seized in this district, even though no trial is pending here. However, the rule does not give aggrieved parties the absolute right to have their motions decided in the district of seizure. *See Application of Herr,* 473 F.Supp. 1304 (S.D.N.Y.1979); *United States v. Lester,* 21 F.R.D. 30 (S.D.N.Y.1957). When the court is not the trial court, it is more appropriate to exercise jurisdiction under this rule only where declining to do so would cause the moving party irreparable harm. *See In re Grand Jury Proceedings,* 466 F.Supp. 863, 866 (D.Minn.1979).

■ Since the government represents that it will voluntarily return all the proper-

ty taken from the Eastern District, the movants do not suffer any harm by the court's declining to exercise jurisdiction. The only "harm" suffered is that movants will not obtain a ruling at this time on whether the property itself, or any "fruits" of that property, would be admissible at a trial. The policy of Rules 41(e) and (f), however, expressly favors that motions to suppress evidence be made in the trial court, so that all pretrial motions can be disposed of in a single court appearance. *See* 1972 Advisory Committee Notes.

A consideration other than that of judicial economy counsels against the court's ruling on the admissibility of evidence in this action. No indictment has been handed down in this district, no trial is pending here, and the government is willing to return the property. Declining to exercise jurisdiction will avoid the risk of prematurely and inadequately determining the admissibility of evidence at a trial, *see United States v. Lester,* 21 F.R.D. 30 (S.D. N.Y.1957), and will ensure that such a determination is made only after a proceeding that is properly adversarial.

The court is informed that a criminal trial is pending before the District Court for the Middle District of North Carolina, *United States v. Amanda Reid,* in which the government might seek to introduce this property or fruits thereof as evidence. If the government intends to do so, it will be most appropriate for the court fully familiar with the litigation to determine whether the evidence is admissible in that action, where the parties are clearly adversaries and the issue is ripe for resolution. Movants' arguments as to why that court is inappropriate are unpersuasive.

The court exercises its discretion to decline jurisdiction on the condition that the government return movants' property. Nothing in this decision shall be deemed to prejudice or waive any rights the movants have to make a suppression motion in any district court where a trial is pending. So ordered.