IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11402

Summary Calendar

_____

RICHARD C. HOWARD, and all outstanding creditors of these named entities, doing business as C. D. Assets, Inc., doing business as Howard Trucking, Inc., doing business as Mezzagez Publishing, Inc., doing business as Mezzagez Records, Inc., doing business as Mezzagez Productions, Inc., doing business as North Texas Autoworks, Inc., doing business as Air of Zulu, Inc., doing business as R. Howard and Associates, Inc.,

                                        Plaintiff-Appellant,

                    versus

ANDREW STOVER, individually and in his official capacity; JOHN VANCE, individually and in his official capacity; LISA PATTERSON, individually and in her official capacity; JOHN BOERNER, individually and in his official capacity; FEDERAL BUREAU OF INVESTIGATION, unknown agent; STATE OF TEXAS, Dallas County,

                                        Defendants-Appellees.

-------------------------------

RICHARD C. HOWARD, And All Secured and Outstanding creditors of these named Entities DBA's, doing business as C. D. Assets, Inc., doing business as R. Howard and Associates, Inc., doing business as Howard Trucking, Inc., doing business as North Texas Autoworks, Inc., doing business as Mezzagez Publishing, Inc., doing business as Mezzagez Records, Inc., doing business as Mezzagez Productions, Inc., doing business as Air of Zulu, Inc.,

                                        Plaintiff-Appellant,

                    versus

STATE OF TEXAS, DALLAS COUNTY OF; JOHN VANCE, Dallas County District Attorney; ANDREW STOVER, Dallas County Assistant District Attorney; LISA PATTERSON, Dallas County Investigator; JIM BOWLES, Dallas County Sheriff; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Texas
(3:95-CV-133)

---

November 20, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Richard Howard, Texas prisoner # 662409, appeals several rulings by the district court in his consolidated 42 U.S.C. § 1983 action. He appeals the district court's dismissal of the action after granting the defendants summary judgment on the issue of qualified immunity. He also challenges the district court's denial of his discovery motions, his motion to amend the complaint, his motion for a lien attachment, and his motion to compel alternative dispute resolution ("ADR"). Only defendants Andrew Stover, Lisa Patterson, and John Vance remain in the action.

Howard argues that the defendants violated his constitutional rights by taking documents without a search warrant and without notice to him. The documents were business records of R. Howard and Associates and were procured through a grand jury subpoena that was issued in May 1993 and served on the manager of the property where the documents were located. Although R. Howard and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

Associates had leased this property, the lease expired in December 1992, no rent was paid for the month of December, and the property had been abandoned in November 1992.

The documents were procured through a *subpoena duces tecum* issued by a grand jury to a person in possession of the documents. Thus, Howard was not entitled to notice of the subpoena. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). A *subpoena duces tecum* is not itself a search or seizure. *See In re Grand Jury Proceedings*, 115 F.3d 1240, 1244 (5th Cir. 1997). Further, even if it were a seizure, Howard cannot challenge any seizure of the documents under the Fourth Amendment because he retained no reasonable expectation of privacy in the documents after the property where they were located was abandoned and the lease expired. *See United States v. Barlow*, 17 F.3d 85, 88 (5th Cir. 1994); *United States v. Ramirez*, 810 F.2d 1338, 1340-41 (5th Cir. 1987). Thus, the district court properly granted summary judgment to the defendants because there was no constitutional violation.

The district granted Howard numerous opportunities to amend his complaint to correct defects; it only refused to allow the addition of the Dallas County Commissioners Court because it ruled that the lack of any constitutional violation made joinder of the Dallas County Commissioners Court futile. Given that we agree that there has been no constitutional violation, this ruling is not in error.

The district court's denials of Howard's motions regarding discovery are reviewed for abuse of discretion. Howard has presented us no basis for finding that the district court's rulings were abuses of discretion.

Howard appeals the district court's denial of his request for a lien to secure a judgment. We see no basis for questioning the court's exercise of discretion in denying Howard's request; in any case, our disposition of the issue of liability moots the issue of a lien to satisfy judgment.

Finally, Howard argues that the district court was required by Federal Rule of Civil Procedure 53 to grant his request for ADR. Rule 53 gives Howard no such right to ADR; it gives the district court discretion to appoint a special master to conduct ADR. *See* Fed. R. Civ. P. 53 (2000) ("The court in which any action is pending *may* appoint a special master therein.") (emphasis added). The district court's denial of Howard's request for ADR was well within its discretion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.