# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-30676
Summary Calendar

RICHARD MAHOGANY, JR.,

Plaintiff-Appellant,

v.

LOUISIANA STATE SUPREME COURT;
LA. R.S. 15:1186(A)(2) AND (B)(2)(A),

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CV-1280

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Richard Mahogany, Louisiana prisoner #123340, proceeding pro se and in forma pauperis, filed a 42 U.S.C. § 1983 action against the Louisiana Supreme

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court, the State of Louisiana, and "La. R.S. 15:1186(A)(2), (B)(2)(A)." He maintains that the above-named statute deprives him of his constitutional rights by requiring that his state lawsuits be stayed until he pays a partial filing fee. Because he has not named a proper party as defendant, we affirm the dismissal for want of jurisdiction.

When two of Mahogany's suits were stayed for failure to pay the filing fee, he appealed the stays to the Louisiana Supreme Court, which denied his requests for writs of certiorari. He then filed the instant suit in federal district court, seeking declaratory, injunctive, and compensatory relief. The magistrate judge determined that Mahogany had not named any proper defendants and that, even if proper defendants were named, Mahogany's constitutional challenge to the statute is frivolous. Mahogany objected to the magistrate judge's recommendation and amended his complaint to clarify that he is seeking declaratory and injunctive relief. He did not, however, amend to add additional defendants. The district court granted the motion to amend, adopted the magistrate judge's report and recommendation, and dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity. Wagstaff v. U.S. Dep't of Educ., No. 07-50327, 2007 U.S. App. LEXIS 28001, at *5 (5th Cir. Dec. 4, 2007) (per curiam); see United States v. Texas Tech Univ., 171 F.3d 279, 285 n.9 (5th Cir. 1999). We review subject matter jurisdiction, a question of law, de novo. In re Grand Jury Proceedings, 115 F.3d 1240, 1243 (5th Cir. 1997).

The district court properly held that the Eleventh Amendment bars Mahogany from suing the state in federal court. See Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002). Likewise, the court correctly concluded that the Eleventh Amendment bars Mahogany

from suing the Louisiana Supreme Court.[1]  Finally, the court accurately opined that Louisiana statute "La.R.S. 15:1186(A)(2), (B)(2)(A)" is not a proper defendant.  Actions under § 1983 may be brought only against "persons," so Mahogany has no private right of action against the statute, which is not a person.[2]  Just as one cannot sue such disliked abstractions as the color teal, the number thirteen, or the weather, a complaint filed against a statute fails to state a claim upon which relief can be granted.[3]

Although we liberally construe briefs by pro se litigants, Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995), such lenience does not permit us to discover and name a proper defendant where the pro se plaintiff has failed to do so.  And although we have remanded a § 1983 case to allow a plaintiff to add a proper defendant where the issue first arose on appeal,[4] Mahogany had an opportunity to amend his complaint after the magistrate judge had determined that his complaint lacked a proper defendant.  Mahogany chose not to add a proper defendant and does not argue on appeal that he should be given another opportunity.  He avers only that the defendants he did name are proper.  Because they are not, the judgment is AFFIRMED.

---

[1] See S. Christian Leadership Conference v. Sup. Ct., 252 F.3d 781, 782 n.2 (5th Cir. 2001); Jefferson v. La. State Sup. Ct., 46 Fed. App'x 732 (5th Cir. 2002).

[2] Mahogany also invokes jurisdiction under 28 U.S.C. §§ 1331 and 2201, but those statutes providing for federal question jurisdiction and permitting declaratory relief do not create an independent private right of action.  See Buck v. Am. Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (explaining that § 2201 "creates a remedy, not a cause of action."); Davis v. United States, 499 F.3d 590, 594 (6th Cir. 2007) (same).  The other statutes cited by Mahogany, 28 U.S.C. §§ 2283 and 2284, are irrelevant and thus similarly unavailing.

[3] See Moore v. Hillman, 2006 WL 1313880, at *3 (W.D. Mich. May 12, 2006) ("The Controlled Substances Act is a statute, not a person.  Plaintiff's complaint against the statute fails to state a claim upon which relief may be granted.").

[4] See Chancery Clerk v. Wallace, 646 F.2d 151, 159-61 (5th Cir. Unit A Mar. 1981) (on petition for rehearing).