IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-51061

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES ROARK; MILTON DUNTLEY; ERNIE LOPEZ

Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1761

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an appeal by Charles Roark, Milton "Mickey" Duntley, and Ernie
Lopez (collectively "Appellants") from an order disqualifying their counsel, Mary
Stillinger, from representing multiple Appellants. The United States District
Court for the Western District of Texas held that: (1) Texas Disciplinary Rule of
Professional Conduct 1.06 gave the Government standing to challenge
Stillinger's potential conflict of interest, and authorized the court to consider the
merits of that challenge; (2) it had "anomalous jurisdiction" to entertain the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

merits of the Government's Motion to Disqualify; and (3) at a minimum, a serious potential for conflict existed, and therefore Stillinger was disqualified from "simultaneously or serially" representing Appellants.

On appeal, Appellants contend that the district court lacked jurisdiction to consider the Government's Motion to Disqualify. We agree with Appellants,[1] and therefore VACATE the district court's order disqualifying Stillinger.

## I. BACKGROUND

For more than three years, the Federal Bureau of Investigation ("FBI"), advised by the United States Attorney's Office for the Western District of Texas, has been investigating numerous individuals suspected of federal public corruption, fraud, and money laundering. Judge Frank Montalvo of the Western District of Texas authorized wiretaps and issued search warrants in connection with the FBI's investigation. None of the wiretaps or search warrants was issued directly against Appellants; however, communications by Duntley and Lopez (not to each other) were intercepted by the wiretaps. All proceedings resulting from the FBI's investigation were docketed under Cause No. EP-06-CR-1369-FM ("Cause No. 1369") and overseen by Judge Montalvo.

The FBI named Duntley, Lopez, and Roark as targets in its public corruption investigation. As a result of the FBI investigation, Appellants all retained Mary Stillinger as their attorney. On June 4, 2007, the Government moved to disqualify Stillinger from jointly representing Appellants in the ongoing public corruption investigation. The Government argued that Stillinger's joint representation presented an actual or serious potential conflict of interest and therefore violated Texas Disciplinary Rule of Professional

---

[1] As a result, we need not reach the question of whether the Government had standing to raise Stillinger's alleged conflict at this stage.

Conduct 1.06.[2] The Government filed its motion under Cause No. 1369, which the district court created for all criminal proceedings resulting from the FBI's investigation. As of the date of oral argument in this case, the Government has not charged Appellants with any crimes. Further, the Government has not initiated any judicial proceedings against them, served them with process, brought them before a grand jury, or otherwise brought them before the court in Cause No. 1369.

Stillinger filed a Response to Motion to Disqualify, which opposed her disqualification and moved to strike the Government's Motion to Disqualify from the record with leave to re-file under a separate, miscellaneous cause number.

---

[2] Rule 1.06 states:
(a) A lawyer shall not represent opposing parties to the same litigation.
(b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:
> (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer[']s firm; or
> (2) reasonably appears to be or become adversely limited by the lawyer[']s or law firm's responsibilities to another client or to a third person or by the lawyer[']s or law firm's own interests.
(c) A lawyer may represent a client in the circumstances described in (b) if:
> (1) the lawyer reasonably believes the representation of each client will not be materially affected; and
> (2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.
(d) A lawyer who has represented multiple parties in a matter shall not thereafter represent any of such parties in a dispute among the parties arising out of the matter, unless prior consent is obtained from all such parties to the dispute.
(e) If a lawyer has accepted representation in violation of this Rule, or if multiple representation properly accepted becomes improper under this Rule, the lawyer shall promptly withdraw from one or more representations to the extent necessary for any remaining representation not to be in violation of these Rules.
(f) If a lawyer would be prohibited by this Rule from engaging in particular conduct, no other lawyer while a member or associated with that lawyer's firm may engage in that conduct.

Stillinger contended that the disqualification motion was properly the subject of a separate proceeding.

The district court found that Comment 17 to Rule 1.06 "clearly [gave] the Government standing to alert the Court to conflicts of interest and similarly authorize[d] the Court to act to remedy any such situation."[3] The district court also found it had "anomalous jurisdiction," which gave it the "authority to entertain the merits of matters arising from federal criminal investigations under its supervision, regardless of whether the targets of such investigation [were] actually under indictment."[4] The district court then considered the merits of the alleged conflict and granted the Government's Motion to Disqualify. It also granted Stillinger's motion to strike and directed the clerk to create a new, miscellaneous cause number (EP-07-CR-1761-FM ("Cause No. 1761")), transfer the court's disqualification order and all related pleadings to the new cause number, and assign the new cause number to the district court.[5] The order

---

[3] The Western District of Texas has incorporated Rule 1.06 into its local rules. Comment 17 to Rule 1.06 states:

> Raising questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation . . . . In a criminal case, inquiry by the court is generally required when a lawyer represents multiple defendants. Where the conflict is such as clearly to call in[to] question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with great caution, however, for it can be misused as a technique of harassment.

Tex. Disciplinary R. Prof'l Conduct 1.06, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (hereinafter "TDRPC").

[4] The district court cited Hunsucker v. Phinney, 497 F.2d 29, 32 (5th Cir. 1974) as "recognizing a district court's firmly established jurisdiction to order suppression of evidence or return of property before indictment and noting that such exceptional jurisdiction to adjudicate matters before an investigation has actually yielded an indictment derives from the court's inherent authority over those who are its officers."

[5] On July 27, 2007, Stillinger filed another motion asking the district court to clarify several issues discussed in its order disqualifying her from representing Appellants. To clarify its prior order, the district court advised Stillinger that she may meet with and counsel Appellants regarding the content and consequences of the order disqualifying Stillinger, and that she may represent one or more of Appellants on appeal. But if she did so, Appellants were

4

disqualifying Stillinger resolved all matters pending in Cause No. 1761, and this appeal was taken from the order entered in Cause No. 1761.

## II. DISCUSSION

### A. Appellate Jurisdiction

The Government challenges the Court's authority to grant relief to Appellants on direct appeal, although it concedes that this Court has mandamus jurisdiction.[6] "This [C]ourt necessarily has the inherent jurisdiction to determine its own jurisdiction." Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp., 303 F.3d 571, 576 (5th Cir. 2002) (internal quotation marks omitted). Under 28 U.S.C. § 1291 (2006), the federal courts of appeals have jurisdiction over "all final decisions of the district courts . . . except where a direct review may be had in the Supreme Court." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981) (quoting § 1291). A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Cunningham v. Hamilton County, 527 U.S. 198, 203 (1999) (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 (1988); Catlin v. United States, 324 U.S. 229, 233 (1945)).

Stillinger's disqualification was the only matter the district court transferred from Cause No. 1369 to Cause No. 1761. When the district court entered its order granting the Government's Motion to Disqualify, there were no remaining matters to decide under Cause No. 1761, leaving nothing more for the district court to do other than execute the judgment. Ordinarily, a

---

required to retain separate counsel for the FBI's ongoing criminal investigation. Finally, the district court denied Stillinger's request that the Government and its agents be prohibited from attempting to communicate with Appellants while they retained new counsel.

[6] The Government contends, however, that mandamus relief is inappropriate even if the district court acted without any jurisdiction to deprive Appellants of their chosen counsel. Because of our conclusion that we have jurisdiction on direct appeal, we need not reach this issue.

disqualification motion is not a final order because it is entered in an ongoing case with other matters yet to be resolved. Because of the relatively unique circumstances of this case, nothing further remained pending in Cause No. 1761 (or even Cause No. 1369) with respect to these defendants or their counsel. Accordingly, under the particular situation presented here, we hold that the district court's disqualification order is final for purposes of § 1291. Because this is an appeal from a final decision, and direct review by the Supreme Court is not available, we have appellate jurisdiction under § 1291.

## B. The District Court's Jurisdiction

The district court asserted two bases for its jurisdiction over the Motion to Disqualify: (1) inherent authority to regulate attorneys' conflicts of interest, and (2) anomalous jurisdiction. We will address in turn each purported basis for the district court's jurisdiction.

## 1. Inherent Authority

The Government argues that the district court had "inherent jurisdiction" to entertain its Motion to Disqualify. The Government relies heavily on Woods v. Covington County Bank, 537 F.2d 804 (5th Cir. 1976), where we stated that "a [d]istrict [c]ourt is obliged to take measures against unethical conduct occurring in connection with any proceeding before it." Id. at 810 (emphasis added). Stillinger's potential conflict of interest arguably arose out of a pending criminal investigation furthered by court-ordered warrants and wiretaps. Because of the district court's "supervisory role" in the investigation, the Government contends that the district court had jurisdiction to exercise its inherent authority over Stillinger's alleged conflict of interest.

Appellants argue that inherent authority does not give a court jurisdiction over individuals not otherwise before it. In other words, a district court's inherent authority is properly exercised only when the court is acting in a proceeding already pending before it.

The United States Supreme Court has explained inherent judicial power as follows:

> It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution". . . . For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." These powers are "governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citations omitted). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. at 44.

Within the scope of inherent power is a federal court's authority "to determine who may practice before [it] and to regulate the conduct of those who do." United States v. Dinitz, 538 F.2d 1214, 1219 (5th Cir. 1976). "Since attorneys are officers of the courts before which they appear, such courts are necessarily vested with the authority, within certain limits, to control attorneys' conduct." Id. at 1219 (emphasis added); see also United States v. Gopman, 531 F.2d 262, 266 (5th Cir. 1976).

We have recognized a district court's inherent authority to take measures against conflicts of interest when they arise "in connection with any proceeding before it." Woods, 537 F.2d at 810. For example, in In re American Airlines, 972 F.2d 605 (5th Cir. 1992), the district court refused to disqualify American Airlines' former counsel from representing its competitor in antitrust litigation against it. 972 F.2d at 608. On appeal, this court recognized that if American Airlines' former counsel committed an ethical violation by representing its adversary in the underlying antitrust litigation, then the district court was obligated to take measures against that conduct. Id. at 611. In Gopman, we

7

recognized a district court's inherent authority to regulate conflicts of interest beyond the trial setting, holding that "as an incident of [its] supervisory power, a [district] court has jurisdiction to discipline an attorney whose unethical conduct relates to a grand jury proceeding within that court's control." In re Gopman, 531 F.2d at 266.

We have never held that a district court may exercise its inherent authority to regulate conflicts of interests arising in the isolated context of an ongoing criminal investigation where the only relationship to the court is its issuance of warrants and wiretap authorizations related to targets not represented by the counsel in question. We decline to so hold in this case. The proper exercise of inherent authority presumes an underlying proceeding within the court's control, a reason separate from the alleged conflict of interest.

In the present case, no such underlying proceeding exists. Neither Stillinger nor Appellants have ever appeared, nor have they been asked to appear, before the district court in any criminal proceeding affiliated or allegedly arising from Cause No. 1369. Stillinger's appearance was sought in Cause No. 1369, which was severed into Cause No. 1761, only in connection with the Government's Motion to Disqualify, no other matter. Appellants have not been charged with a crime, nor have grand jury proceedings been initiated against them, nor have they been called to appear as grand-jury witnesses. Stillinger's alleged potential conflict of interest existed only in the context of an ongoing criminal investigation monitored and supervised by the FBI, which is independent and separate from any proceeding occurring before the district court. Accordingly, the district court's inherent authority was an improper basis to assert jurisdiction over the Government's Motion to Disqualify.

We understand the district judge's laudable concern about potential conflicts of interest in an ongoing criminal investigation. However, this holding does not leave the district court or the Government's attorneys completely

powerless to act. Lawyers have an obligation to report violations of "applicable rules of professional conduct that raise[] a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer" to the appropriate disciplinary authority. TDRPC 8.03(a). Both the State Bar of Texas and the Western District of Texas have grievance procedures whereby an attorney can be charged with unethical conduct and appropriate proceedings under the applicable rules can transpire. Tex. Rs. Disciplinary P. 1.02, 2.10-3.16, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A-1 (Vernon Supp. 1997); W.D. Tex. R. AT-7.

## 2. Anomalous Jurisdiction

Appellants contend that anomalous jurisdiction does not exist to disqualify counsel and has only been invoked in cases involving the seizure of property by federal agents. Even if anomalous jurisdiction could be invoked, Appellants argue that the prerequisite factors for anomalous jurisdiction could not be satisfied by the facts surrounding this case. The Government concedes that anomalous jurisdiction does not apply to the present case, and argues that the district court merely "intended to invoke the inherent authority from which anomalous jurisdiction springs."

Anomalous jurisdiction is one basis for a court's inherent authority to act. In re Grand Jury Proceedings, 115 F.3d 1240, 1246 (5th Cir. 1997). It is defined as a district court's "power to order the suppression or return of unlawfully seized property even though no indictment has been returned and thus no criminal prosecution is yet in existence." Id. (quoting Hunsucker v. Phinney, 497 F.2d 29, 32 (5th Cir. 1974)). The present case does not involve unlawfully seized property. Considering both the facts of this case and the Government's concession on this issue, we hold that the district court did not have anomalous jurisdiction to entertain the Government's Motion to Disqualify.

## III. CONCLUSION

We hold that neither the district court's inherent authority nor anomalous jurisdiction were appropriate jurisdictional bases for the district court to entertain the Government's Motion to Disqualify.  No other basis for the district court's jurisdiction has been raised.  We VACATE the district court's order disqualifying Stillinger and REMAND with instructions to dismiss the case for lack of jurisdiction.