IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-10274
Summary Calendar

ROBERT N SMITHBACK

Plaintiff-Appellant

v.

CHRISTINA MELTON CRAIN; SUSIE CHILES

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-578

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert N. Smithback, Texas prisoner # 1080109, appeals an adverse summary judgment on his challenge to Texas Board of Criminal Justice Policy 03.91, or BP-03.91, which prohibits prisoners from drawing illustrations or messages on envelopes in which they send outgoing mail. Although Smithback was appointed counsel in the district court, he is not proceeding *in forma*

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5

*pauperis* on appeal. Therefore, the three-strikes bar in 28 U.S.C. § 1915(g) does not apply.

Smithback attempted to mail a letter from a Texas corrections facility in an envelope on which he had drawn a cross and printed "Jesus", "LORD!" and "In God We Trust". Smithback decorates his envelopes in this manner to share his religious faith with those who come in contact with the correspondence.

Prison authorities refused to mail Smithback's letter and returned it to him with a notice explaining that the letter was "[n]on-mailable correspondence" because it "[c]ontains illustrations or written messages on [the] envelope". Smithback filed a grievance with prison authorities, but officials refused to alter Board Policy 03.91, which states:

> Offenders may not embellish their outgoing envelopes with illustrations or written messages other than the return address, the name and address of the intended recipient, and a notation that the envelope contains legal, special, or media mail.

Smithback sued Christina Melton Crain, the chair of the Texas Board of Criminal Justice, and Susie Chiles, the Texas Department of Criminal Justice (TDCJ) mail-system coordinator, in their official capacities, challenging Board Policy 03.91 under 42 U.S.C. § 1983. Smithback contended the policy infringed his religious freedom and freedom of speech under the First and Fourteenth Amendments of the United States Constitution and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc. Smithback's amended complaint also included supplemental state-law claims under the Texas Constitution, TEX. CONST. art. I, § 6, and the Texas Religious Freedom Restoration Act (TRFRA), TEX. CIV. PRAC. & REM. CODE ANN. § 110.003.

After the parties consented to have a magistrate judge rule on all dispositive motions in the case pursuant to 28 U.S.C. § 636(c), a magistrate judge granted the defendants' summary-judgment motion and dismissed the

action. *Smithback v. Texas*, No. 3-05-CV-0578-BD, 2007 WL 241376 (N.D. Tex. 29 Jan. 2007).

Smithback seeks review only for his RLUIPA and TRFRA claims. Accordingly, his other claims are abandoned.

Regarding the TRFRA claim, defendants contend, as they did in district court, that subject-matter jurisdiction is lacking. A question of subject-matter jurisdiction is reviewed *de novo*. *E.g., In re Grand Jury Proceedings*, 115 F.3d 1240, 1243 (5th Cir. 1997). The State of Texas is the real party in interest, and the Eleventh Amendment barred the district court from exercising subject-matter jurisdiction over Smithback's TRFRA claim. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02, 120-21 (1984).

Regarding the dismissal of the RLUIPA claim, a summary judgment is reviewed *de novo*. *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c).

To the extent Smithback seeks compensatory damages under RLUIPA, his claim is foreclosed by our very recent decision in *Sossamon v. Lone Star State of Texas*, 2009 WL 382260, at *8 (5th Cir. 2009) (holding that, regardless of whether RLUIPA creates a claim for damages against Texas and the defendants in their official capacities, an award of damages is barred by state sovereign immunity).

Our court recently held the Eleventh Amendment does not bar a prisoner's RLUIPA claims for declaratory and injunctive relief against state prison officials sued in their official capacity. *See Mayfield v. Tex. Dep't of Criminal Justice,* 529 F.3d 599, 604-05 (5th Cir. 2008); *see also Sossamon*, at *5 (affirming that RLUIPA "unambiguously creates" a private right of action for injunctive and declaratory relief). RLUIPA states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>> (1) is in furtherance of a compelling governmental interest; and
>> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). A "religious exercise" is "any exercise of religion, whether or not compelled by, or central to, a system of religious belief". 42 U.S.C. § 2000cc-5(7)(A).

*Adkins v. Kaspar*, 393 F.3d 559 (5th Cir. 2004), held: "[A] government action or regulation creates a 'substantial burden' on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs". *Id.* at 570. *Adkins* also explained: "[T]he effect of a government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, non-trivial benefit, and, on the other hand, following his religious beliefs". *Id.* Conversely, a governmental regulation or action does not substantially burden religious exercise "if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed". *Id.*

Although Board Policy 03.91 prohibits prisoners from decorating the outside of their mail envelopes, Smithback does not contend that the TDCJ restricts in any way his religious exercise within an envelope. Communicating with those who handle a piece of prison mail—as opposed to an addressee—is a "benefit that is not generally available" and involves "acting in a way that is not otherwise generally allowed". *Id.* Because Board Policy 03.91 does *not* substantially burden Smithback's religious exercise, RLUIPA does not require

4

that the policy be narrowly tailored to further a compelling governmental interest.  *See* § 2000cc-1(a).

AFFIRMED.