**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2012

Lyle W. Cayce
Clerk

No. 11-40614
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYFORD ELTON LEACH,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-46-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

A jury convicted Rayford Elton Leach of violating 18 U.S.C. § 111(a)(1) when he assaulted a Deputy United States Marshal with an automobile. The district court sentenced him to 135 months in prison and a three-year term of supervised release. Leach appeals, asserting three grounds for relief.

Leach contends that the indictment should have been dismissed for lack of federal jurisdiction because the marshal was not performing his official duties when he apprehended Leach. Subject matter jurisdiction is a question of law we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review de novo. *In re Grand Jury Proceedings*, 115 F.3d 1240, 1243 (5th Cir. 1997). Section 111(a)(1) makes it a crime to forcibly assault any federal officer engaged in the performance of his official duties. § 111(a)(1). The statute provides for an enhanced penalty when the perpetrator uses a deadly or dangerous weapon or inflicts bodily injury. § 111(b). The language in the indictment returned against Leach tracked the language in § 111(a)(1) and (b). Accordingly, the indictment was sufficient to confer subject matter jurisdiction on the district court. *See United States v. Jackson*, 313 F.3d 231, 233 (5th Cir. 2002).[1]

Leach next contends that the district court plainly erred when it failed to issue a jury instruction regarding whether Leach knew that the marshal was a federal law enforcement employee. Because Leach failed to preserve his jury instruction claim, we review for plain error. *See United States v. Sellers*, 926 F.2d 410, 417 (5th Cir.1991). Leach never asserted or argued that he did not know the marshal was a federal employee attempting to arrest him or that he acted out of a reasonable belief that he was being attacked by a private citizen. Thus, the district court did not plainly err in failing to issue such an instruction. *See Sellers*, 926 F.2d at 417. Our conclusion is further supported by the fact that the district court used the pattern jury instruction in the instant case. *See* Fifth Circuit Pattern Jury Instructions (Criminal) § 2.09. By giving an instruction that tracked the pattern instruction and that was a correct statement of the law, the district court did not plainly err. *See United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009); *United States v. Feola*, 420 U.S. 671, 686 (1975) (holding that under § 111, the defendant's knowledge of the official status of the victim is generally irrelevant).

---

[1] To the extent Leach conflates jurisdiction with the sufficiency of the evidence, his argument nevertheless fails. The official duties of a federal marshal can encompass the apprehension of a suspect who is wanted by state authorities. *United States v. Kelley*, 850 F.3d 212, 214-15 (5th Cir. 1988); *United States v. Lopez*, 710 F.2d 1071, 1074-75 (5th Cir. 1983). Thus, Leach's assertion to the contrary is without merit.

No. 11-40614

Leach finally contends that the district court clearly erred when it increased his offense level by six levels pursuant to U.S.S.G. § 3A1.2(c)(1), which provides for such an increase "[i]f, in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense." Leach argues that the jury never found that he knew the marshal was a law enforcement officer. Leach's argument is contradicted by the record, which showed that Leach's vehicle was surrounded by several vehicles, all of which had flashing emergency lights; that the marshals were wearing bullet-proof vests which identified them as law enforcement officers; and that the marshals announced themselves to be law enforcement officers. Accordingly, the district court did not clearly err in applying the § 3A1.2(c)(1) enhancement. *See United States v. Zuniga-Amezquita*, 468 F.3d 886, 888 (5th Cir. 2006); *United States v. Jacquinot*, 258 F.3d 423, 430 (5th Cir. 2001).

AFFIRMED.