# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2014

Lyle W. Cayce
Clerk

No. 13-40495
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAMON SANDEL DONNELL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-65-6

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lamon Sandel Donnell pleaded guilty to violating 21 U.S.C. § 846 when he conspired to possess with the intent to distribute 3, 4-Methylenedioxymethamphetamine (ecstasy) in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 240 months in prison.

The Government has moved for summary affirmance or, alternatively, a motion for an extension of time to file an appellate brief. Because summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40495

affirmance is not appropriate in this case, the Government's motion is DENIED. *See United States v. Holy Land Found. for Relief and Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). However, because Donnell is not entitled to relief, as discussed below, we DISPENSE with further briefing.

In his first assignment of error, Donnell argues that the district court was without subject matter jurisdiction, which is a question of law that we review de novo. *See In re Grand Jury Proceedings*, 115 F.3d 1240, 1243 (5th Cir. 1997). The language in the superseding indictment returned against Donnell tracked the language in § 846 and § 841(a)(1) by stating that Donnell and his codefendants violated § 846 when they knowingly and intentionally conspired to possess with the intent to distribute ecstasy in violation of § 841(a)(1). Accordingly, the indictment was sufficient to confer subject matter jurisdiction on the district court. *See United States v. Jackson*, 313 F.3d 231, 233 (5th Cir. 2002).

Donnell next argues that the district court was without personal jurisdiction over him, which is also a question of law that we review de novo. *Quick Tech., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002). Donnell's personal appearance before the district court during his initial appearance secured the district court's personal jurisdiction over him. *See United States v. Vicars*, 467 F.2d 455, 456 (5th Cir. 1972); *United States ex rel. Voigt v. Toombs*, 67 F.2d 744 (5th Cir. 1933).

In his third assignment of error, Donnell argues that the Assistant United States Attorney assigned to his case did not have the authority to prosecute him. The United States Attorney shall "prosecute . . . all offenses against the United States" within his district. 28 U.S.C. § 547(1). Assistant United States Attorneys are appointed by the Attorney General to aid the United States Attorney in carrying out his duties. 28 U.S.C. § 542. Donnell

2

No. 13-40495

does not argue that the Assistant United States Attorney assigned to his case was not appointed by the United States Attorney or not admitted to practice in the Eastern District of Texas. His claim is therefore unavailing.

Finally, Donnell argues that his attorney performed ineffectively by inducing him to plead guilty through fraud, deceit, and collusion. The record is insufficiently developed to allow consideration at this time of Donnell's ineffective assistance claims; such claims generally "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).

AFFIRMED.